UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                    4:11-cv-183

$80,891.25 in U.S. CURRENCY,

Defendant.

### ORDER

Before this Court are Claimant Daniel Davila-Tosado's ("Davila-Tosado") "Motion to Dismiss; or, in the alternative, Motion for Return of Property Pursuant to 18 U.S.C. §983(a)(3)(A)," see Doc. 11, and "Motion for Relief," see Doc. 18.

Davila-Tosado asserts that the Government's complaint for forfeiture was untimely. See Doc. 18 at 1. "Not later than 90 days after a claim [by a person claiming seized property] has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint . . . ." 18 U.S.C. § 983(a)(3)(A). "If the Government does not . . . file a complaint for forfeiture or return the property . . . the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense." Id. § 983(a)(3)(B).

The Government filed its complaint on July 14, 2011. See Doc. 1. In its response to Davila-Tosado's motion, the Government claims that the DEA Asset Forfeiture Section did not receive Davila-Tosado's claim until April 15, 2011. See Doc. 19 at 2. Thus, according to the Government, its complaint was timely filed ninety days after the Asset Forfeiture Section received the claim. See id.

According to the Government's complaint, however, Davila-Tosado filed a claim on April 13, 2011. See Doc. 1 at 5. "The general rule is that a party is bound by the admissions in his pleadings." Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1177 (11th Cir. 2009) (quoting Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618, 621 (11th Cir. 1983)); see also Shuler v. Ingram & Assocs., 2011 WL 4495624, at *3 (11th Cir. Sept. 29, 2011) ("Judicial admissions are proof possessing the highest possible probative value . . . and are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." (quoting Hill v. FTC, 124 F.2d 104, 106 (5th Cir. 1941))); Hunt v. Liberty Lobby, 720 F.2d 631, 649 & n. 29 (11th Cir. 1983) (noting court's willingness to apply rule to amended complaint). Thus, the Government is bound by its statement that Davila-Tosado filed his claim on April 13, 2011.

The Government had to file its complaint on or before July 12, 2011, ninety days after Davila-Tosado filed his claim. See 18 U.S.C. § 983(a)(3)(A). Instead, the Government filed its complaint on July 14, 2011. See Doc. 1. Accordingly, the

Government's complaint was untimely, and the Government "shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense." 18 U.S.C. § 983(a)(3)(B).

This outcome comports with our law's presumption against forfeiture. *See United States v. $38,000.00*, 816 F.2d 1538, 1547 (11th Cir. 1987) ("If anything, the burden on the government to adhere to the procedural rules should be heavier than on claimants. Forfeitures are not favored in the law; strict compliance with the letter of the law by those seeking forfeiture must be required.").

Davila-Tosado also moves for attorney's fees and other costs in accordance with 28 U.S.C. § 2465. *See* Doc. 18 at 2. 28 U.S.C. § 2465(b)(1) provides that "in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable" for certain expenses. These expenses are reasonable attorneys fees and other litigation costs incurred by the claimant, post-judgment interest, and interest actually paid or that should have been paid resulting from the investment of the seized currency. *See id.* § 2465(b)(1)(A)-(C).

Davila-Tosado is a "substantially prevail[ing]" party. Albeit in dicta, the Eleventh Circuit has determined that any differences between a "prevailing party" and a "substantially prevailing party" "are generally deemed inconsequential." *See Loggerhead Turtle v. Cnty. Council*, 307 F.3d 1318, 1322 n.4 (11th Cir. 2002); *see also United States v. $59,000*, 2010 WL 3212002, at *2 (S.D. Fla. Aug. 12, 2010). "A 'prevailing party' is one 'who has been awarded some relief by the court.'" *$59,000*, 2010 WL 3212002, at *2 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health*, 532 U.S. 598, 603 (2001)). The award must be the result of a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605.

As a result of the Government's failure to file a timely complaint, the Court is ordering the return of the entire amount seized to Davila-Tosado. The Court is judicially sanctioning a change in the legal relationship between the Government, Davila-Tosado, and the money at issue. Thus, Davila-Tosado has substantially prevailed, and the Government shall be liable for the items delineated in 28 U.S.C. § 2465(b)(1)(A)-(C).

After reviewing the record, the Court also certifies that there was reasonable cause for the seizure. *See* 28 U.S.C. § 2465(a)(2).

Because of its other determinations in the case, the Court does not reach Davila-Tosado's remaining arguments. *See* Docs. 11 at 1 (alleging failure of Government to take steps necessary to preserve right of custody); 18 at 1 (averring Government's neglect in responding to his first motion to dismiss).

Davila-Tosado's "Motion to Dismiss; or, in the alternative, Motion for Return of Property Pursuant to 18 U.S.C. §983(a)(3)(A)," *see* Doc. 11, and "Motion for Relief," *see* Doc. 18, are **GRANTED**.

2

***DAVILA-TOSADO IS ORDERED TO SUBMIT A BRIEF ON THE ISSUE OF DAMAGES WITHIN SEVEN (7) DAYS OF THIS ORDER. THE GOVERNMENT IS ORDERED TO SUBMIT ITS RESPONSE WITHIN SEVEN (7) DAYS OF DAVILA-TOSADO'S FILING.*** The Court will not accept any replies.

This 19th day of December 2011.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA