UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                    4:11-cv-183

$80,891.25 in U.S. CURRENCY,

Defendant.

## ORDER

### I. INTRODUCTION

On December 19, 2011, this Court granted Claimant Luis Daniel Davila-Tosado's ("Davila-Tosado") motions to dismiss. *See* Doc. 22. The Court ordered the parties to brief the damages owed by Plaintiff United States of America ("Government") under 28 U.S.C. § 2465. *See id.* at 3. Having considered the briefs, the Court orders the following.

### II. ANALYSIS

#### A. Return of the Property

A successful claimant is entitled to the return of his property. *See* 28 U.S.C. § 2465(a)(1). Davila-Tosado is the lone, successful claimant in this case. *See* Doc. 22. Accordingly, the Court **ORDERS** the return of the $80,891.25 to Davila-Tosado.

#### B. Attorney's Fees and Other Litigation Costs

"[T]he United States shall be liable for . . . reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1)(A).

"A determination of a reasonable attorney's fees is a question of fact." *Crowe & Dunlevy v. Century Martial Art Supply, Inc.*, 2006 WL 20509, at *1 (M.D. Fla. Jan. 4, 2006). This determination is within the Court's discretion and will only be overturned if the Court abuses its discretion. *See Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 716-17 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

Where fees are called for by statute, the Court must first calculate the "lodestar" amount, an initial estimate of a reasonable attorney's fee, by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *Blanchard*, 489 U.S. at 94. The Court then considers adjusting this amount by reference to the factors listed in *Johnson*. *See id.* "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010). The Court must consider factors such as:

(1) time and labor required;

    a. novelty and difficulty of the questions involved;

    b. skill requisite to perform the legal services;

(2) likelihood that this representation precluded the attorney from taking other work;

(3) fee customarily charged in the community for similar work;

(4) amount at stake and result achieved;

(5) time limitations imposed by client or circumstances;

(6) nature and length of the professional relationship with the client;

(7) experience, reputation, and ability of the lawyer;

(8) fee arrangement between the attorney and client;

(9) the undesirability of the case; and

(10) awards in similar cases.

*See Johnson*, 488 F.2d at 717-19; MODEL RULES OF PROF'L CONDUCT R. 1.5 (2010).

Davila-Tosado contends that he is entitled to $3,730.00 in attorneys' fees. *See* Doc. 23 at 9. This amount reflects 13.9 hours worked by Davila-Tosado's counsel at varying rates of either $200 or $300 per hour. *See id.* Davila-Tosado's counsel swears by affidavit that the amount of time expended on this case "was necessary and justified in the defense of this case, in view of the duration of the litigation, the complexity of the factual and legal issues involved, and the stubborn and litigious nature of Plaintiff and Plaintiff's counsel." *Id.* at 6. Davila-Tosado's counsel also avers "[t]hat the hourly rates charged by [Davila-Tosado's] attorneys are reasonable in view of their experience and are consistent with that charged by said attorneys for representation of other clients in litigation of specialized matters such as this and with the value of the property at stake." *Id.*

The Government contends that the attorneys' fee award requested by Davila-Tosado is unreasonable. *See* Doc. 24 at 2. The Government argues that the Court should consider its conclusion that reasonable cause supported the seizure, *see* Doc. 22 at 2, in determining the reasonableness of Davila-Tosado's request, *see* Doc. 24 at 3.

In a case analogous to this one, this Court determined that a $300 per hour fee was unreasonable. *See United States v. $89,600*, 4:11-cv-176, Doc. 24 (S.D. Ga. Oct. 26, 2011). In that case, as in this one, this Court dismissed the Government's complaint because it was untimely. *See id.*, Doc. 21. The Court decided that a fee of $250 per hour was reasonable. *See id.*, Doc. 24 at 2.

Because of the swift resolution of this case, the simplicity of the statutory interpretation involved in reaching that resolution, and this Court's precedent, the Court finds a fee of $250 per hour to be reasonable.

Two attorneys represented Davila-Tosado in this matter, and Davila-Tosado requests fees for both of their services. *See* Doc. 23 at 8-9. One attorney began participating more than five months after Davila-Tosado agreed to representation by his firm. *See id.* at 8. Davila-Tosado's attorneys charged Davila-Tosado for the time spent briefing the new attorney on the case. *See id.*

The Government argues that the expenses associated with transferring Davila-Tosado's case to another attorney are unreasonable. *See* Doc. 24 at 4. The Court agrees with the Government.

"An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *See Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983).

The time spent briefing the second attorney constitutes duplicate work that would not have been charged to Davila-Tosado but for the attorney's late entry into this forfeiture foray. Accordingly, the Court deducts an hour from the 13.9 hours charged by Davila-Tosado's attorneys, but finds the remaining charged time to be reasonable.

The lodestar calculation ($250 per hour × 12.9 hours) calls for an attorneys' fee award of $3,225.00. Although the issues involved in the case were not particularly novel or difficult, the amount at stake and the successful result ultimately achieved by

2

Davila-Tosado's counsel confirm the propriety of adherence to the lodestar calculation.

The Government argues that other fees requested by Davila-Tosado, including "fees for dealing with the Drug Enforcement Administration after the initial seizure of the funds and before the verified complaint was filed, [and] expenses associated with litigating the merits of the seizure," are unreasonable. *See* Doc. 24 at 4. Failing to reimburse these fees would deviate from the purpose of the Civil Asset Forfeiture Reform Act's ("CAFRA") fee-shifting provision. *Cf. United States v. 317 Nick Fitchard Rd., N.W.*, 579 F.3d 1315, 1323 (11th Cir. 2009) ("The CAFRA fee-shifting provision was designed to make claimants whole for their efforts to recover their proper ty in a civil forfeiture action."). The Court will not demarcate the fee award in this fashion.

The Government cites *United States v. 4880 S.E. Dixie Highway* for the principle that "the government will not ordinarily incur liability for attorney's fees by merely filing a defective complaint." 838 F.2d 1558, 1564 (11th Cir. 1988).

The Government ignores the verbal forest for the trees. The sentence after the quote states that "[w]e emphasize again, however, that forfeiture actions are unique." *Id.* The line cited by the Government applies only "[i]n other civil actions." *Id.* The mandate of CAFRA in this context is clear. *See* 28 U.S.C. § 2465(b)(1)(A) ("[T]he United States *shall* be liable for . . . reasonable attorney fees and other litigation costs reasonably incurred by the claimant." (emphasis added)).

Davila-Tosado has also requested an award of $26.05 in other costs of litigation. *See* Doc. 23 at 9. The Government raises no objection to this award.

Therefore, the Court *AWARDS* Davila-Tosado $3,225.00 in attorneys' fees and $26.05 in other litigation costs , for a total of $3,251.05 under 28 U.S.C. § 2465(b)(1)(A).

### C. Pre-Judgment and Post-Judgment Interest

Successful claimants of currency are also entitled to pre-judgment and post-judgment interest. *See* 28 U.S.C. § 2465(b)(1)(B), (C)(ii).

Davila-Tosado has requested an award of $2,681.68 in pre-judgment interest on the $80,891.25 seized. *See* Doc. 23 at 1. Davila-Tosado has also requested an award of $0.50 in post-judgment interest on $83,572.93, which reflects the amount seized plus pre-judgment interest ($80,891.25 + $2,681.68). *See id.* at 2.

The Government has raised no objections to the calculation of these awards, contending only that it would be unreasonable to award Davila-Tosado pre-judgment interest at all, seemingly due to the reasonableness of the Government's seizure. *See* Doc. 24 at 2-3.

The statute, however, requires that this Court award pre-judgment interest. *See* 28 U.S.C. § 2465(b)(1)(C)(ii) (stating that "the United States shall be liable for" pre-judgment interest where a claimant substantially prevails). Davila-Tosado is a substantially prevailing party. *See* Doc. 22 at 2. Accordingly, Davila-Tosado is entitled to pre-judgment interest.

The Court *AWARDS* Davila-Tosado $2,681.68 in pre-judgment interest and $0.50 in post-judgment interest.

### III. CONCLUSION

*THE COURT ORDERS THE RETURN OF THE $80,891.25 TO DAVILA-TOSADO. THE COURT FURTHER AWARDS DAVILA-TOSADO $3,251.05 IN ATTORNEYS' FEES AND*

3

*COSTS. THE COURT ALSO AWARDS DAVILA-TOSADO $2,681.68 IN PRE-JUDGMENT INTEREST AND $0.50 IN POST-JUDGMENT INTEREST. THE TOTAL AMOUNT THUS AWARDED TO DAVILA-TOSADO, INCLUDING THE RETURNED PROPERTY, IS $86,824.48.*

*THIS CASE IS CLOSED.*

This 19th day of January 2012.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA